FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 FEB -9 PM 2: 33
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-017 |
| | ) | |
| BRIAN OWENS, Commissioner, | ) | |
| DENNIS BROWN, (ASMP) Warden; | ) | |
| MRS. BUSSEY, Chief General Populations | ) | |
| Counselor and Grievance Coordinator | ) | |
| (ASMP), D. HART, (W.S.P.) Warden, | ) | |
| MRS. CHAMPION, Food Service Staff, | ) | |
| MRS. SAMUELS, Food Service Staff, | ) | |
| MRS. BURKES, the older lady, Food | ) | |
| Service Staff, MRS. BURKES, the younger | ) | |
| lady, Food Service Staff, MRS. THOMAS, | ) | |
| Food Service Staff, MRS. MOORE, | ) | |
| Food Service Staff, MRS. HOWELL, | ) | |
| Food Service Staff, MRS. DORSEY, | ) | |
| Food Service Staff, and MRS. GEE, | ) | |
| Food Service Staff, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently incarcerated at Ware State Prison ("WSP") in Waycross, Georgia,[1] seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983.[2] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that

---

[1] Although he is currently incarcerated at WSP, Plaintiff's complaint primarily concerns events that allegedly occurred while he was incarcerated at Augusta State Medical Prison ("ASMP"), located in Grovetown, Georgia. (See doc. no. 1.)

[2] Plaintiff submitted another, separate complaint at the same time he submitted the complaint in this case. See Terrell v. Owens, CV 112-118, doc. no. 1 (S.D. Ga. Jan. 30, 2012). While the allegations in these complaints overlap considerably, they are not identical, and there are also differences in the defendants named and relief requested. Therefore, the Court will treat the complaints as pleadings in separate civil actions.

Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

II.   DISCUSSION

   A.   **Prior Filing History**

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed as frivolous under § 1915(g): (1) Terrell v. Grady Memorial

---

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

Hosp., No. 09-13077-D (11th Cir. Jan. 20, 2010) (appeal dismissed as frivolous); (2) Terrell v. Grady Memorial Hosp., CV 108-3931 (N.D. Ga. May 29, 2009) (case dismissed as frivolous); and (3) Terrell v. Fulton County, CV 109-513 (N.D. Ga. May 26, 2009) (case dismissed as frivolous). As Plaintiff filed a complaint or an appeal that was dismissed as frivolous in each of the cases cited above, these previously dismissed cases and appeal qualify as strikes under § 1915(g). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. Plaintiff's complaint primarily concerns his allegations that on August 24, 2011, he became ill from food poisoning, and on September 28 or 29, 2011, he smelled perfume in his evening snacks. (See doc. no. 1, p. 5.) However, both of these alleged injuries predate the filing of his complaint in January of 2012 by several months, and therefore are plainly insufficient to show any imminent danger of serious physical injury during the relevant time frame. See Medberry, 185 F.3d at 1193.

The Court additionally notes Plaintiff's allegation that on several dates in October of 2011, the Chief Counselor at ASMP "tri[e]d to harass [his] witnesses." (Doc. no. 1, p. 5.) However, this allegation is insufficient to satisfy the standard for demonstrating imminent danger of serious physical injury, as Plaintiff does not allege that this conduct harmed him in

3

any way, much less that it placed him in imminent danger. See Joiner v. Mason, No. 209-CV-243, 2011 U.S. Dist. LEXIS 55580, at *11 (M.D. Ala. May 23, 2011) (noting that plaintiff had been allowed to proceed only with claims that met imminent danger exception); Lester v. Burnside, No. 5:09-CV-412, 2009 U.S. Dist. LEXIS 123822, at *3 n.1 (M.D. Ga. Dec. 28, 2009) (allowing plaintiff subject to three strikes rule to proceed IFP with regard to claims that met imminent danger exception but not with respect to other claims that failed to qualify for that exception). As a result, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. Dishonesty in Complaint

Moreover, the form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) Under penalty of perjury, Plaintiff indicated that he has never before brought such a lawsuit. (Id.)

However, as noted above, Plaintiff has brought numerous cases, at least three of which have been dismissed as frivolous. Notably, the cases cited, *supra*, are not an exhaustive list, as Plaintiff has previously brought dozens of suits in federal court. As Plaintiff should be well aware, he has a filing history that includes multiple cases and appeals that have been dismissed as frivolous. See Part II.A. Plaintiff's blatant dishonesty provides another basis for dismissal of this case.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty

in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted); see also Young v. Sec'y Fla. Dep't of Corrs., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).[4]

All told, Plaintiff has accumulated at least three strikes against him and cannot satisfy

---

[4]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

5

the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.[5]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 9th day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).