IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-017 |
| | ) | |
| BRIAN OWENS, Commissioner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. The Magistrate Judge found, pursuant to 28 U.S.C. § 1915(g), that Plaintiff had three prior cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted, and that he did not qualify for the "imminent danger" exception. As a result, he recommended that Plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied and that this action be dismissed. (Doc. no. 3.) Moreover, the Magistrate Judge found that even if Plaintiff qualified for the imminent danger exception, his case was nevertheless subject to dismissal because Plaintiff had provided false information regarding his prior filing history. (Id. at 4-6.)

The Court initially adopted the R&R when Plaintiff failed to object by the applicable deadline. (Doc. no. 5.) However, in an abundance of caution, the Court vacated its prior Adoption Order upon a later filing in which Plaintiff stated that he had not timely received his service copies of previous Court documents. In addition, the Court granted Plaintiff's request for a 21-day extension of time in which to object to the R&R or to amend his pleadings. (Doc.

no. 9.) Rather than file objections or amend his complaint in accordance with the Court's instructions, Plaintiff filed a motion for an additional extension of time, which the Court denied. (Doc. nos. 10, 11.)

While Plaintiff has not objected to the R&R, prior to the re-opening of the case, he filed an additional motion requesting that the Court direct the Clerk of Court to return his complaint and the exhibits attached to the complaint. (Doc. no. 8.) To the extent that Plaintiff requests free copies of these documents, his request must be denied, as Plaintiff is not entitled to free copies of prior filings. See Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (*per curiam*) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ." (citation omitted)); see also Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."). Copies of any Court record or paper may be purchased at a cost of $.50 per page from the Clerk of Court. Thus, Plaintiff's request for a return of Court documents free of charge is **DENIED**. (Doc. no. 8.)

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's request to proceed IFP is **DENIED** (doc. no. 2), and this action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 25th day of May, 2012, at Augusta, Georgia.

                                         HONORABLE J. RANDAL HALL
                                         UNITED STATES DISTRICT JUDGE
                                         SOUTHERN DISTRICT OF GEORGIA